## JACOB TOME INSTITUTE v. WHITCOMB.

(Circuit Court of Appeals, Fourth Circuit. February 25, 1908. On Rehearing, May 28, 1908.)

### No. 691.

1. COURTS—CONCURRENT JURISDICTION—FEDERAL AND STATE COURTS.

An ex parte proceeding in a state court for the foreclosure of a mortgage on a leasehold against the original mortgagor under a local statute applicable to the foreclosure of mortgages, to which complainant, a grantee of the leasehold interest subject to the mortgage and a nonresident, was not a party, did not affect the jurisdiction of the federal court of a suit brought by complainant against the mortgagee for an accounting of the proceeds of certain insurance policies which it had collected, and for damages for the mortgagee's settlement of such claim for less than the amount due thereon against complainant's protest.

2. MORTGAGES—INSURANCE—SETTLEMENT OF LOSS BY MORTGAGEE—ACCOUNTING.

Where a mortgagee settled an insurance loss under policies payable to it as its interest in the mortgaged premises might appear, for the amount fixed by an award of arbitrators which was not binding without the consent of the owner of the mortgaged premises, but the preponderance of the evidence indicated that the amount allowed was the reasonable value of the loss sustained, and the owner did not make a bona fide effort to carry out the arbitration, the mortgagee was not liable to account to the owner for the difference between the amount received and the amount of the loss as claimed by the owner.

3. SAME—DEDUCTION FOR ATTORNEY'S FEES.

Where, after arbitration of the amount of loss on certain mortgaged premises payable to the mortgagee, the insurance companies paid the amount of the award into court, and the property mortgaged was worth more than twice the amount of the mortgage, the mortgagee was not entitled to deduct an attorney's fee from the amount of the award which it accepted in full settlement of the loss, against the protest of the owner of the premises.

Cross-Appeals from the Circuit Court of the United States for the District of Maryland.

Joseph R. Gunther (L. Marshall Haines, on the brief), for the Jacob Tome Institute.

John E. Semmes and Charles F. Carusi, for James A. Whitcomb.

Before PRITCHARD, Circuit Judge, and WADDILL and Mc-DOWELL, District Judges.

PER CURIAM. These are cross-appeals from a decree of the United States Circuit Court for the District of Maryland, entered on the 15th day of May, 1906, in a cause in equity therein pending, wherein James A. Whitcomb was complainant, and the Jacob Tome Institute was defendant, and arose out of facts briefly stated as follows:

The complainant, James A. Whitcomb, was the owner of a certain leasehold estate in a lot of land, with the improvements thereon, on the west side of St. Paul street, near Lexington street, in the city of Baltimore, known as the "Condor Building," shortly theretofore purchased by him from Edward I. Clark, subject to a mortgage in favor of the Jacob Tome Institute, for $20,000, the payment of which Whitcomb assumed. The buildings were insured for $20,000, loss, if any, payable to the holder of the mortgage as its interest should appear, and the same were burned during the conflagration in Baltimore, in the month of February, 1904. Shortly after the fire, the mortgage being in arrears, the Jacob Tome Institute instituted a statutory foreclosure proceeding against the mortgagor, Clark, in circuit court No. 2 of the city of Baltimore, and a decree of sale by default was entered on the 9th day of April, 1904. No steps were taken to carry out this decree, but, on the contrary, an arrangement was made to extend the time of payment of the mortgage indebtedness. About this same time, the Jacob Tome Institute, the mortgagee and holder of the policies of insurance above mentioned, made proof of loss thereunder, fixing the same at $23,324, and the insurer and assured, not being able to agree upon the amount of loss, the former demanded their right to arbitrate the same, pursuant to the provisions of said policies issued to said Whitcomb, and the said Whitcomb and the insurance companies se-

lected each an arbitrator, and an umpire was duly chosen to ascertain the loss. The arbitrators and umpire made ineffectual efforts to meet, and, failing so to do, the arbitrator of the insurance companies, and the umpire chosen by the two arbitrators, assessed the damages, and agreed upon an award of $17,041.82, in which finding the arbitrator selected by Whitcomb did not join, claiming to have had no opportunity to participate in the ascertainment of the same. Pending these negotiations, the Jacob Tome Institute, at the instance of the complainant, Whitcomb, instituted suit in the Supreme Court of Baltimore City, to recover the full amount of said insurance policies, it being conceded that the insurance companies were not bound by the award; and thereupon the insurance companies tendered the sum of $17,041.82, the amount of the award, which, under their plea, was paid into court. Against the protest of Whitcomb, the institute, by its vice president, accepted this sum in full settlement of the claim arising under said policies, and applied the same in reduction of the amount due under the mortgage, less the sum of $852.09 (being 5 per cent. retained by counsel for the institute for making the collection) and asserted a claim for the balance of $4,777.27 against Whitcomb under the mortgage. Complainant vigorously protested against this settlement, insisting that neither the Jacob Tome Institute nor its counsel had authority to settle the loss due under said policies against his objection, especially as the land covered by the mortgage was ample security for the amount of any balance due thereunder, and indeed was worth more than twice the amount secured by the mortgage. The complainant likewise resisted the right of the institute's counsel to retain the $852.09 for making the collection; and thereupon filed his bill in equity in this cause, asking for an accounting from the defendant, and that it be charged with the difference between the amount thus received on account of the insurance, and the face value of the policies. The defendant answered, and upon these pleadings issue was duly joined, and considerable evidence adduced by the parties, most of which was taken by deposition, but part orally before the court; whereupon the decree appealed from in this case was entered by the court, rejecting the item of $852.09, the charge by defendant's counsel for making the collection, and decreeing that the complainant pay to the defendant the sum of $3,918.18, being the balance due on said mortgage, less the charge for collection above made; from which decree both parties appealed.

A preliminary question was presented as to the jurisdiction of the court, because of the foreclosure proceedings instituted in circuit court No. 2 of Baltimore city against the original mortgagor, Clark, by the Jacob Tome Institute, and the decree in which proceeding remained unexecuted. The lower court took jurisdiction, and we think rightly. The proceeding at most was ex parte, to which the complainant, who is a nonresident of the state of Maryland, was not a party, and was instituted in that court under a local statute applicable to the foreclosure of mortgages; and it is quite apparent that the proceedings in the same were not such as to deprive the lower court of its jurisdiction of and concerning the subject-matter of this litigation. The merits of the case turn largely upon questions of fact, as to which there was much conflict in the evidence; and the lower court reached the conclusion

that the defendant, the Jacob Tome Institute, ought not to bear the loss arising from the settlement by its counsel of the insurance claim, against the protest of the complainant; and in this view, after careful consideration, we concur. While there is much in the record to sustain the contention of the complainant that he ought not to be bound by the award, and that the settlement of the loss under the insurance policies, against his consent, at the amount received, was unjust to him, still, upon a full review of all the evidence, we believe it cannot be fairly said that what was allowed by the arbitrators was not the fair value of the property destroyed. The decided preponderance of the evidence is that what was allowed by the award, and accepted by the institute, was the reasonable value of the loss sustained; and while we think there was but little excuse for the institute's counsel accepting this amount at the time he did, against the complainant's protest, we, nevertheless, believe it is as much as would probably have been allowed by a jury, had the trial been proceeded with. In arriving at this conclusion, we think it proper to say that we have not been entirely uninfluenced by the fact that the complainant has failed to satisfy us that he made a bona fide effort to carry out the arbitration between himself and the insurance companies. We entirely agree with the lower court that the defendant's counsel ought not to be allowed to retain the sum of $852.09 for professional services rendered in making this collection, but, on the contrary, the institute should account for that amount to the complainant in settlement of the mortgage. The services rendered by the defendant's counsel did not inure to the benefit especially of the complainant. He would have received at least the amount of the award as fixed by the insurance company's arbitrator and the umpire, and since the defendant's counsel, according to his own admission, saw fit to settle, instead of prosecute, this suit, as directed by the complainant, he ought not to be allowed to retain anything for his services in connection therewith. The complainant alone, if the litigation had been conducted to a finality, and decided against him, would have been the loser. His interest in the land upon which the mortgage was a lien, was worth more than twice the value of the amount secured by the mortgage, and if he wished to resist the acceptance of the amount of the award, in full settlement of his claim, it was his privilege to do so, certainly as between himself and the mortgagee.

It follows from what has been said that the decree of the lower court should be affirmed, with cost to the appellee, Whitcomb.

Affirmed.

### On Petition for Rehearing and Modification.

This cause is now before the court upon a petition for rehearing and modification of the opinion rendered herein on the 25th of February, 1908, respecting the costs in the lower court; the allowance of costs having been one of the subjects of error assigned in the cross-appeal of Whitcomb. After maturely considering the questions presented by such petition, the conclusion reached by the court is that the decision of the lower court should be modified, in so far as the same allows the Jacob Tome Institute its costs in that court against Whit-

comb; and the decision of the lower court, as shown by the opinion heretofore announced herein, is affirmed, with the modification requiring the institute to pay its own costs in the lower court, as well as the costs of this court.

Modified.